# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF NEW MEXICO

BEATRICE SHATTUCK, *et. al.*,

    Plaintiffs,

vs.                                                                                             No. CIV 04-1287 JB/WPL

ALVINO LUCERO, *et. al.*,

    Defendants.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** comes before the Court on the Motion by Plaintiffs for Leave to File a Sur-Reply in Response to Defendants' Reply in Support of Their Motion to Dismiss, filed May 31, 2005 (Doc. 37). The issue is whether the Court should allow the Plaintiffs to file a surreply to one argument in the Defendants' Reply Brief on the motion to dismiss. Because the Court is not certain that its current trial schedule will permit a hearing on the Defendants' motion to dismiss, and because the Surreply will not necessitate further briefing, the Court will grant the Plaintiffs' motion.

## PROCEDURAL BACKGROUND

All briefs allowed as of right by the rules have been filed, and the Defendants' motions are ready for decision. The Defendants filed their Reply Brief on May 6, 2005. The argument about which the Plaintiffs are concerned appears on the last page of the Defendants' Reply Brief: "Plaintiffs remain free to make any claim of membership to the Pueblo Council." The text and accompanying footnote 8 then speculate that the newly elected Council "might determine particular issues in a different manner." Defendants' Reply at 12 n.8.

The Plaintiffs represent that this statement in the Reply Brief confused them, and they

wondered if it presented more than mere argument in support of the Defendants' Motion to Dismiss. The Plaintiffs state that, after meeting and pondering this matter, the Plaintiffs authorized their counsel to inquire of the Defendants' counsel on the significance of this statement. This communication occurred by telephone on May 17, 2005.

The Defendants' counsel obligingly offered to check with his clients and to respond to the Plaintiffs, and then did so by letter of May 27, 2005. That letter confirmed that the statement was mere legal argument, but it also advised that any future reconsideration by the Isleta Tribal Council must follow enactment of a membership ordinance and permanent procedures. This motion immediately followed.

The Plaintiffs move the Court for leave to file a short surreply brief in response to a single argument in Defendants' Reply Brief in Support of their Motion to Dismiss. The Plaintiffs ask the Court to grant their Motion for Leave to file the attached two-page Surreply. The Defendants have filed an opposition to this motion.

The Plaintiffs' proffered Surreply challenges the observation made in the Defendants' Reply Brief. See Reply Br. at 12. The Plaintiffs argue that "this Court should not rely on the accuracy of [this] statement" because it "assumes facts not in evidence" and constitutes a fact that "has not been admitted by plaintiffs." Surreply at 1-2.

## ANALYSIS

The Defendants oppose the Plaintiff's motion for leave to file a surreply as unnecessary and without sufficient substance to merit the Court's leave under D.N.M.LR-Civ. 7.6(b). See D.N.M.LR-Civ. 7.6(b)("The filing of a surreply requires leave of the Court."). The Defendants contend that the statement in their Reply Brief is not a factual statement. The Defendants assert that the statement

from the Defendants' Reply Brief is a logical legal conclusion based on the Pueblo's Constitution and on other matters properly raised in their original motion papers.

The Defendants argue that the statement is, rather, an accurate legal conclusion based on the plain language of Article II, § 8 of the Pueblo's Constitution, which grants the Isleta Tribal Council exclusive jurisdiction and sole authority to determine Pueblo membership.

The Defendants contend that it has long been settled that elected legislative/governing bodies, such as the Isleta Council, cannot bind their successors. See, e.g., Butchers' Union Slaughter-House & Live-Stock Landing Co. v. Crescent City Slaughter-House Co., 111 U.S. 746, 750 (1884)(holding that legislative body cannot constrict power of "future legislature [or] even the same body" to repeal or modify right); Fletcher v. Peck, 10 U.S. 87, 135 (1810)("[O]ne legislature is competent to repeal any act which a former legislature was competent to pass; and that one legislature cannot abridge the powers of a succeeding legislature."). Accordingly, the present Tribal Council is free to consider the Plaintiffs' claims concerning membership. The Defendants argue that this possibility is particularly true given that an election has occurred since the occurrence of the actions that are the subject of the Plaintiffs' Complaint, and four of the six named Defendants no longer hold office with the Pueblo. See Defendants' Motion to Substitute Successor Tribal Officials, filed February 28, 2005 (Doc. 19).

The Defendants ask the Court to consider this legal conclusion. The Defendants are certainly entitled to make legal arguments in support of their Motion to Dismiss. The Court can and should consider this legal conclusion.

In the summary judgment context, however, the Tenth Circuit has held:

When a moving party advances in a reply new reasons and evidence in support of its motion for summary judgment, the nonmoving party should be granted an opportunity to respond. See Cia. Petrolera Caribe, Inc. v. Arco Caribbean, Inc., 754 F.2d 404,

> 410 (1st Cir. 1985). However, if the district court grants summary judgment for the movant without relying on the new materials and arguments in the movant's reply brief, it does not abuse its discretion by precluding a surreply.

Beaird v. Seagate Tech., Inc., 145 F.3d 1159, 1164-65 (10th Cir. 1998). While the Court often is able to hold hearings on motions and give parties a full opportunity to make whatever arguments that they want, thus making it unnecessary for parties to file surreplies, the Court's current trial schedule may not permit a hearing before the Court rules on the Defendants' motion. The Defendants' legal conclusion thus provides a sound basis for the Court to allow the Plaintiffs' leave to file an extra surreply challenging it. There does not appear to be any dispute that the Defendants did not raise this precise argument in the Defendants' Memorandum in Support of their Motion to Dismiss, and it may assume facts not in evidence.

The subject factual statement, standing alone, and unrebutted by the Plaintiffs, gives the Defendants an unfair edge in the Court's consideration of a Motion to Dismiss. The Plaintiffs' Motion is timely. Without the Court's leave to file a surreply, the Plaintiffs will not have had an opportunity to address this argument; and the Defendants have effectively responded to the Surreply in their opposition to this motion.

Granting the Plaintiffs' Motion will not unduly delay the disposition of the Defendants' Motion to Dismiss. The Court can consider the Plaintiffs' Surreply and the Defendants' opposition to this motion with the extensive briefing on the motion to the dismiss. This disposition is fair to all parties and does not require the Defendants to do any further briefing.

**IT IS ORDERED** that the Plaintiffs' Motion for Leave to File a Sur-Reply in Response to Defendants' Reply in Support of their Motion to Dismiss is granted.

_____
UNITED STATES DISTRICT JUDGE

*Counsel*:

Tim Vollmann
Albuquerque, New Mexico

    *Attorney for the Plaintiff*

David C. Mielke
Gary Brownell
Reid Peyton Chambers
Heather Whiteman Runs Him
Sonosky, Chambers, Sachse, Endreson & Mielke
Albuquerque, New Mexico

    *Attorneys for the Defendants*